RHODE ISLAND HOSPITAL TRUST COMPANY *et al., Trustees vs.* WILLIAM GROSVENOR DAVIS *et al.*

DECEMBER 14, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. In this cause the trustees have brought a bill in equity in the superior court for instructions as to the construction of clause Ninth, paragraph (13) of the will of William Grosvenor, late of the city of Newport in this state, and as to their duties thereunder with regard to the distribution of the trust estate of which Alice M. Grosvenor Davis, now deceased, was the life beneficiary. All those having an interest in the construction of that paragraph, including unborn issue and persons unascertained, are before the court

or properly represented. The respondent Caroline Edgar Sanford, an infant whose interests are directly involved in this cause, is represented by her father as guardian *ad litem* and also by counsel.

When the parties were about to introduce testimony bearing upon the construction of the will, a petition was filed in the cause by the guardian *ad litem* of Caroline Edgar Sanford, praying that the superior court authorize him, as such guardian, to enter into a certain proposed compromise of his ward's claim under the will. The prayer of the petition had the approval of all competent respondents and of all the other guardians *ad litem* in the cause, in so far as the latter were permitted to give such approval, since the rights of their respective wards were in no way affected by the proposed compromise. These other guardians, however, take the position before us that if the proposed compromise be approved by the court and the instant cause be thus terminated, such approval should be *without prejudice* to the right of their respective wards to seek a construction of the will, including clause Ninth, paragraph (13), should that need ever arise.

Because of certain language in the opinion of this court in *Rhode Island Hospital Trust Co., Tr.* v. *Hodgkin*, 48 R. I. 459, the trustees, who do not oppose the proposed compromise, questioned the jurisdiction of the superior court to approve or disapprove such compromise in this particular proceeding. In these circumstances, the trial justice, acting under general laws 1938, chapter 545, § 5, made and entered an order certifying to this court the following question as one of doubt and importance: "Is the Superior Court authorized and empowered to consent to and approve said compromise agreement in the form and terms as set forth in said Exhibit A attached hereto and made a part hereof and to authorize said Guardian *Ad Litem*, Henry Sanford, to execute and carry out said agreement in the form and terms as set forth in said Exhibit A?"

The certification to this court of a question of doubt and

importance is controlled·by § 5 in an equity cause, and by § 6 in a civil or criminal case. Both sections of the statute have received the same construction by this court in determining whether the certification of a question of doubt and importance was properly before it for consideration. Our decisions have consistently held that, before such a question can properly be certified to this court under either section of the statute, the question not only must be raised in a case within the jurisdiction of the certifying court to determine on its merits, but the question must then also be actually before that court for a ruling or decision on some phase of such case, which ruling or decision will so affect the merits of the controversy that, because of the importance of the question and of the doubt in the mind of the certifying court after serious consideration as to the proper ruling or decision thereon, the question ought to be determined by this court before further proceedings. *Brady* v. *Moreau,* 65 R. I. 469; *Easton* v. *Fessenden,* 63 R. I. 11, 14; *Ford* v. *Waldorf System, Inc.,* 57 R. I. 131, 138; *Murray* v. *Taylor,* 43 R. I. 5; *Tillinghast* v. *Johnson,* 34 R. I. 136, 139; *Fletcher* v. *Board of Aldermen,* 33 R. I. 388, 390; *State* v. *Karagavoorian,* 32 R. I. 477, 484; *Garebedian* v. *Fraser,* 137 A. (R. I.) 219.

The instant cause is controlled by G. L. 1938, chap. 545, § 7, which provides that the superior court "shall" certify to the supreme court for its determination all bills in equity for the construction of any will or for instructions relative to any will, whenever and as soon as any such cause is ready for hearing for final decree. According to this statute, the superior court has jurisdiction of such cause only in so far as the necessary preliminary proceedings are concerned, including the taking of testimony, but it has no jurisdiction to make any decision therein affecting the merits of any controversy over the construction of the will. Whenever and as soon as such cause is ready for hearing for final decree, the superior court is bound to certify it for a determination by this court of the merits of any such controversy. The con-

troversy, to which all pleadings in the instant cause are directed by the parties in interest, is as to the construction of clause Ninth, paragraph (13) of William Grosvenor's will. Jurisdiction to determine the merits of that controversy in this cause is vested, by said § 7, exclusively in this court.

The petition that was filed in this cause in the superior court by the guardian *ad litem* of Caroline Edgar Sanford for the approval of a proposed compromise does not affect the merits of that controversy, which was, as above stated, the construction of certain language in the will. On the contrary, that proposed compromise, if made legally effective and binding on the parties to it, would eliminate all controversy between them as to the construction of such language, because it would make no difference to them how it should be construed. Therefore, applying our well-established rules in reference to the certification of a question of doubt and importance under chap. 545, § 5, as repeatedly stated and followed in our decisions, we are of the opinion that the question before us was improperly certified to this court.

The parties to the proposed compromise, believing that it is highly beneficial to the infant and seeking to avoid the delay incident to further proceedings for the actual construction of the will, have asked leave to file an original petition in this court for the approval of the proposed compromise in the event that the court refused to answer the certified question on any ground. They urge that, in the special circumstances of the instant cause, this court should act under the plenary powers conferred upon it by G. L. 1938, chap. 495, § 2, which reads in part as follows: "The supreme court shall have general supervision of all courts of inferior jurisdiction to correct and prevent errors and abuses therein when no other remedy is expressly provided; . . . ." We cannot see how this provision can justify this court in entertaining and rendering a decision upon an original petition for the approval by us of the proposed compromise. Such approval would not be a matter of general supervision by this court of a court of inferior juris-

diction. The request of the guardian *ad litem* of Caroline Edgar Sanford to file in this court an original petition for the approval of a proposed compromise, therefore, should be and it is hereby denied.

The guardian *ad litem* and the counsel for the infant Caroline Edgar Sanford contend that, if this court will neither answer the certified question nor permit the original petition herein considered to be filed, there surely must be some procedure by which an infant, in a cause brought under G. L. 1938, chap. 545, § 7, can effect a compromise of her claim under a will; otherwise the infant will be deprived of the right that an adult could exercise under the same circumstances. They strongly urge this contention because of their firm conviction that the proposed compromise is highly beneficial to the infant.

While the contention thus made may be appealing from a human point of view in the circumstances of this cause, we are powerless to deal with it at this time, since the only matters now before us are the question certified under § 5 and the request for permission to file an original petition in this court for the approval of a proposed compromise, nothing more. Without expressing any opinion as to what procedure, if any, may be available to counsel for Caroline Edgar Sanford, other than that which was taken under express statutes and was not questioned by this court in *Rhode Island Hospital Trust Co., Tr.* v. *Hodgkin, supra,* all we can now say is to repeat what we said in *Ford* v. *Waldorf System, Inc.,* 57 R. I. 131, at page 137 of that opinion: "There is nothing in our laws or practice to require from us an advisory ruling on a question which has not yet been made an issue in the case on the record and which may or may not later become such an issue."

It may well be that the interests of the infant in the instant cause present a situation that this court had in mind when, in the course of its opinion in the *Hodgkin* case, although disapproving the compromise, it says at page 462: "A case may arise in which this court, in instructing a trus-

tee as to the distribution of a trust fund, may take into consideration and give effect to an agreement entered into by all persons who may possibly be interested in such distribution, including an infant, when the agreement is plainly prudent and for the best interests of the infant. Such a case is not present here." Nowhere in that case does the court say that in all instances it will first make a final construction of a will before approving or disapproving a compromise of an infant's claim under such will.

In the particular circumstances before us and for the reasons stated, we decline to answer the question certified or to permit the guardian *ad litem* of Caroline Edgar Sanford to file an original petition in this court.

The papers in the cause are ordered sent back to the superior court without prejudice.

*Tillinghast, Collins & Tanner,* Providence, *James C. Collins,* Providence, for complainants.

*Sheffield & Harvey,* Newport, for respondents William Grosvenor Davis and Fellowes Davis.

*Greenough, Lyman & Cross,* Providence, *Harry P. Cross,* Providence, *Thomas F. Black, Jr.,* Providence, for Henry Sanford, Guardian *ad litem* of his daughter, Caroline Edgar Sanford, one of respondents.

*Charles E. Tilley,* Providence, *Eugene J. Phillips,* Providence, *Swan, Keeney & Smith,* Providence, for certain respondents.

*J. Whitney MacDonald,* Providence, for Elmer S. Chace, Esq., guardian *ad litem.*