RHODE ISLAND HOSPITAL TRUST COMPANY *et al., Trustees* vs. WILLIAM GROSVENOR DAVIS *et al.*

JULY 23, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This cause was begun by a bill in equity filed in the superior court by the trustees under the will of William Grosvenor, late of the city of Providence, deceased, against every person who, in his or her own right has an interest in the proper construction of clause "Ninth", paragraph "(13)" of the above-mentioned will. The prayer of the bill is for instructions as to the manner in which the complainants as such trustees should now make distribution of the trust estate in said clause and paragraph.

This cause was here previously and was sent back to the superior court for the reasons stated in *Rhode Island Hospital Trust Co., Tr* v. *Davis,* 68 R. I. 461, 29 A. 2d 647. Thereafter, the guardian *ad litem* for the infant respondent Caroline Edgar Sanford amended his answer and, among other things, incorporated therein by reference the terms of a compromise agreement concerning Caroline's rights, if any, under the will, which agreement, identified as exhibit B, was appended to and made part of a petition which

was filed in the superior court on July 13, 1942 by the guardian ad litem of said infant respondent.

He further set forth that the compromise was highly beneficial to the infant and prayed that the court approve the same. The justice of the superior court before whom the matter then came for hearing refused to approve this compromise, basing his refusal on the ground that he had no jurisdiction to approve it. Caroline Edgar Sanford, Fellowes Davis and William Grosvenor Davis are the real and only parties in interest in the distribution of the particular trust estate now under consideration. When the pleadings were closed and the cause was ready for hearing for final decree, all parties in interest concurred in the prayer that the cause, including the question of approving the compromise, be certified to this court for determination under general laws 1938, chapter 545, § 7.

The testator, William Grosvenor, had six children, two sons and four daughters. By his will, dated January 27, 1902, he created six separate trusts, one for each child, the terms of the trusts for his sons being quite different from those of the trusts for his daughters. In this cause we are concerned solely with the trust for his daughter Alice Grosvenor Davis, who died January 2, 1941. She had two sons and a daughter, the latter having predeceased her. Fellowes Davis and William Grosvenor Davis are the sons of Alice Grosvenor Davis, and Caroline Edgar Sanford is the only child of her deceased daughter. Both of the sons were of age when this bill was brought, while Caroline was then about seven years old.

By his will the testator gave his daughter, Alice Grosvenor Davis, a life interest in the principal of this trust, with remainder over after her death. Clause "Ninth", paragraph "(13)", which is controlling in this cause, is as follows: "And upon the decease of each of my daughters the trustees shall stand seized and possessed of that trust share, original and accrued, the income from which is payable to such daughter immediately before her decease, Upon Trust

for all and every the child and children of such daughter living at her decease, who shall then have attained or shall thereafter attain the age of twenty-one years, and also all and every the issue then living who shall then have attained or shall thereafter attain the age of twenty-one years, *of any child or children of any deceased child of such daughter,* for the absolute use and benefit in fee simple of such child, children and issue respectively; but so nevertheless that such children so living of a daughter, if more than one, shall take equally and so that said issue so living of a child deceased shall take through all degrees *per stirpes* the share or respective shares to which his, her or their parent or respective parents would have been entitled if living. And I declare that the interest shall not vest absolutely in any such child or issue until he or she shall have attained the age of twenty-one years. . . ." (italics ours)

Notwithstanding the fact that the testator eecuted a codicil on November 25, 1905, which made certain material changes not pertinent here, he allowed the trust in question to remain unchanged by confirming the will in all other respects. But for the compromise, the fundamental issue in this cause is whether Caroline is entitled to share equally with her uncles, Fellowes Davis and William Grosvenor Davis, in the distribution of the trust estate.

Caroline's uncles strongly contend that the will is unambiguous and that, when construed as written, it necessarily excludes her from any share in such distribution. Her guardian *ad litem,* who is her father, asserts that the will is ambiguous as to her rights thereunder because of mistake in transcription, but concedes that if the will is read literally she is plainly excluded from any interest in the trust estate now under consideration. He represents that despite a "thorough investigation and check of the probable and some improbable sources of such information" that might resolve any ambiguity in favor of Caroline, the lapse of thirty-six years since the death of the testator and of forty or more years since the execution of the will made the chances of

securing competent evidence to that end "negligible for the not unlikely reason that most potential witnesses are deceased and records that might have been in existence at one time are lost or destroyed." Faced with this situation, he prays, as guardian *ad litem*, that the court approve the compromise which has been proposed to his daughter by her uncles and which he considers most generous to her in the circumstances.

The compromise proposes that the share which Caroline might be entitled to under the trust in this cause, if construed in her favor, be used to create a new trust for her benefit, she to receive the income therefrom during her life, with liberal provisions for the application of the principal thereof whenever necessary for her education, support and comfort. If issue survive her, the income of such trust would be payable to her issue under the same terms and conditions until twenty-one years after her death, when the principal would be payable to her issue *per stirpes* in their own sole and absolute right. If Caroline died without issue, or if she died leaving issue but all of said issue died before the lapse of twenty-one years after her death, then, upon the death of the survivor of said issue, the principal of the trust would be payable to Fellowes Davis and William Grosvenor Davis, or to their issue.

In his brief to us, Caroline's guardian *ad litem* compares the maximum that she might receive under the will with what she would receive by the compromise. As to the will he states that, were the court to construe it in her favor, Caroline "would get absolutely one-third of the presently to be distributed estate if and when she became twenty-one, and the income would be available for her support as long as she lived prior to twenty-one." He then discusses the compromise and concludes as follows: "In other words our adversaries in effect say to us, we will give this infant all she would be entitled to if she won, provided that the money is put in trust for her benefit in such a way that it cannot go out of her mother's family. That is all that the infant

is giving up." Since, in his judgment, there is a substantial risk that Caroline may lose everything under a construction of the will, he strongly urges that the compromise is plainly prudent and for the best interests of the infant.

From what was said at the hearing before us, it is evident that all parties respondent are desirous that the compromise be approved without an actual construction of the will at this time. This is especially true in the case of the guardians *ad litem* of other infant respondents and of the representative of contingent interests, who, in submitting the rights of said infants and unborn persons to the protection of the court, pray that no determination be made in this cause that would prejudice the interests and the rights of such infants and unascertained persons to seek a construction of other parts of the will, should the need ever arise.

The will in question, as written and in the absence of any competent explanatory evidence, provided such evidence were admissible, raises at least a serious question whether the infant, Caroline, takes anything under the will. The parties seek to overcome this situation by the proposed compromise which they now submit for the approval of this court.

Taking into consideration the apparent ambiguity of the will and the nature and extent of the terms of the proposed compromise, we agree that such compromise is plainly prudent and for the best interests of the infant Caroline Edgar Sanford. By being allowed to accept the compromise she avoids all risk of getting nothing under a possible adverse construction of the will. We therefore approve the compromise and hereby authorize the guardian *ad litem* of the infant, Caroline Edgar Sanford, to accept the same in accordance with the terms thereof as incorporated, by reference to exhibit B of the petition hereinbefore identified, in the amended answer of said infant.

To the request of the trustees for instruction, we reply that one-third of the principal of the trust estate before

us in this cause will be payable by them in accordance with the terms of the compromise that we have approved.

On October 4, 1943, we will hear the parties on the form of decree to be entered in the superior court.

*Tillinghast, Collins & Tanner,* for complainant.

*Greenough, Lyman & Cross, Harry P. Cross, Thomas F. Black, Jr.,* for guardian *ad litem.*

*Sheffield & Harvey, J. Whitney MacDonald, Charles E. Tilley, Eugene J. Phillips, Swan, Keeney & Smith,* for various respondents.